UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRANKIE GARIBAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 25-2099 |
| ) | |
| FELICIA ADKINS, *et al.* ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff was incarcerated at Danville Correctional Center ("Danville"). He sued several prison officials, alleging their roles within the prison as follows: Defendant Adkins was the warden; Defendant Pruett was the placement officer; Defendants Williams, Harmon, John Doe Nos. 1 and 2 were correctional officers; John Doe No. 3 was a correctional lieutenant; Defendant

Chacon was the healthcare unit administrator; Defendant Joseph was a mental health practitioner; and, Defendant Wexford Health Services was the company contracted to provide medical services at Illinois prisons.

Plaintiff alleges that Defendant Pruett assigned him to live with another inmate on or about December 29, 2022. Plaintiff alleges that Defendant Pruett had known at that time that the inmate had previously physically assaulted four other inmates on separate occasions with the most recent incident occurring in late November 2022. Plaintiff alleges that Defendant Harmon warned him about the inmate's violent behavior when the inmate moved into Plaintiff's cell.

Plaintiff alleges that he awoke at 3 a.m. the next morning because the inmate was yelling, screaming obscenities and gibberish, and spitting on the wall. Plaintiff alleges that he told Defendant John Doe No. 1 at the time, and that Defendant John Doe No. 2 was the officer working in the control unit at the time. Plaintiff alleges that he told Defendant John Doe No. 3 about the situation at dinner later that day. Plaintiff alleges that these defendants did nothing.

Plaintiff alleges that he told Defendant Williams on December 31, 2022, that he feared that the inmate would attack him based upon the inmate's erratic behavior and violent history. Plaintiff alleges that Defendant Williams threatened to take him to segregation. Plaintiff alleges that the inmate attacked him a few hours later.

Plaintiff alleges that Defendants Joseph, Chacon, and Wexford failed to act reasonably during the inmate's mental health evaluations and failed to properly screen him for mental health conditions. Plaintiff alleges that he told Defendant Joseph about the inmate a few days after the assault occurred, sent a letter regarding same to Defendant Chacon, and requested mental health appointments at least 15 times to address issues he suffered post-attack. Plaintiff alleges that he is heavily medicated, that he lacks access to routine check-ups, and that Defendant Joseph told

him that she cannot see him regularly because of a heavy caseload. Plaintiff alleges that Defendants Joseph and Chacon failed to alert officials of the attack once notified.

Plaintiff alleges that Danville employs a practice of housing inmates in a dayroom/audio-visual restriction unit following a term of segregation. Plaintiff alleges that the practice constitutes double jeopardy and that he did not receive any procedural due process protections when transferred from segregation to the restricted unit where the attack happened. Plaintiff alleges that Defendant Adkins condoned the practice, was aware of his assailant's history, and approved the cell assignment that resulted in the attack. Plaintiff alleges that Danville failed to adequate staff its prison.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The risk of harm to which the prisoner was subjected must be objectively serious. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (citations omitted). Generalized, vague, or stale concerns about one's safety typically will not suffice. *Id.* at 480-81. Prison officials with knowledge of an

objectively serious risk cannot be held liable if they responded reasonably, even if the harm was ultimately not averted. *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020).

Plaintiff's allegations permit a plausible inference that Defendants Adkins, Pruett, Harmon, Williams, and John Doe Nos. 1-3 had knowledge of his assailant's history and that they failed to act reasonably once Plaintiff informed them of the ongoing issues, resulting in the attack. The Court finds that Plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Adkins, Pruett, Harmon, Williams, and John Doe Nos. 1-3 in their individual capacities.

Plaintiff can only prevail under § 1983 against those officials who were personally involved in the alleged constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Assuming Defendants Joseph and Chacon failed to adequately diagnose his assailant's alleged mental health conditions, Plaintiff's allegations do not permit a plausible inference that these defendants were personally involved in the cellmate assignment or that they had authority to modify it. Plaintiff's allegations suggest at best that these defendants were negligent, which does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Defendant Joseph's and Chacon's alleged failure to relay the information after the fact does not permit a plausible inference that they caused or contributed to the alleged failure to protect. Plaintiff also does not sufficiently allege that a Defendant Wexford policy caused the deprivation in question as required to hold this defendant liable. *Monell v. Dep't of Social Srvcs.*

*of City of New York*, 436 U.S. 658 (1978); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

Plaintiff's allegations regarding the mental health care he received after the attack suggest that mental health staff prescribed medication to address those concerns. His main complaint is that staff failed to conduct check-ups as frequently as he would like, but that does not permit an inference that staff acted with deliberate indifference—Plaintiff is not entitled to demand specific treatment and his disagreement with the treatment provided is not independently sufficient to show a constitutional violation. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability).

Any constitutional claim Plaintiff may have as it relates to his mental health treatment requires litigation in a separate lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). The Court finds that Plaintiff fails to state a claim against Defendants Joseph, Chacon, and Wexford. The Court will dismiss these defendants accordingly.

The disciplinary proceedings that led to Plaintiff's confinement in segregation, and then to the unit where the attack allegedly occurred, are not related to the alleged failure to protect. The question of whether Plaintiff's punishment for a rule violation was substantively or procedurally unconstitutional is a separate issue that must be litigated in a separate lawsuit. The

Court finds that Plaintiff does not state a claim against Defendant Adkins for the alleged double jeopardy or procedural due process violation related to his disciplinary proceedings.

**Plaintiff's Motions to Request Counsel (Docs. 6, 9)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motions, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff states that he received responses, but he has not provided them to the Court. His unsubstantiated statements that he sent letters is not sufficient. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motions are denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Adkins, Pruett, Harmon, Williams, and John Doe Nos. 1-3 in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that

**defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**10.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**11.    The clerk is directed to terminate Defendants Joseph, Chacon, and Wexford Health Services as defendants.**

**12.    The clerk is directed to attempt service on Defendants Adkins, Pruett, Harmon, and Williams pursuant to the standard procedures.**

**13.    Plaintiff's Motions to Request Counsel [6][9] are DENIED with leave to renew.**

Entered this 31st day of July, 2025.


                          *s/Michael M. Mihm*
                          MICHAEL M. MIHM
                      UNITED STATES DISTRICT JUDGE